**FILED**
**Apr 26, 2019**
**09:00 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT GRAY

| | | |
|---|---|---|
| **PATRICIA SMITH,** | ) | **Docket No. 2018-02-0365** |
| **Employee,** | ) | |
| **v.** | ) | |
| **HEALTHCARE SERVICE GROUP,** | ) | **State File No. 37845-2018** |
| .**Employer,** | ) | |
| **and** | ) | |
| **NEW HAMPSHIRE INS. CO.,** | ) | **Judge Brian K. Addington** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER

This matter came before the Court on April 23, 2019, for an Expedited Hearing. The issues are whether Patricia Smith is likely to succeed at trial in proving she gave timely notice of her injury and whether she submitted sufficient medical proof to show she suffered a compensable injury. For the reasons below, the Court denies benefits at this time.

### Claim History

Ms. Smith worked as a manager for Healthcare Service Group, which provided housekeeping services to a nursing home. Ms. Smith often worked long hours and performed the work of other employees because HSG understaffed the site. On March 30, 2018, she scrubbed the floors on her knees. As she attempted to rise, her foot slipped and her left knee hit the floor. She testified she experienced the same feeling as hitting her "funny bone." Ms. Smith did not report an injury.

As time passed, Ms. Smith experienced worsening knee pain and swelling. She eventually wore a brace she purchased herself. She continued working for several months, although she self-limited her work activities.[1]

On May 21, Ms. Smith used an especially heavy floor scrubber and noticed her knee swelled more than it ever had. She reported an injury to HSG the following day.

---

[1] Ms. Smith took a week off work in April to attend to her ill husband.

Instead of providing a physician panel, HSG directed Ms. Smith to Urgent Care. Ms. Smith told the providers about the March 30 incident, and they took an x-ray, placed her on light-duty, diagnosed patellar bursitis, and made an orthopedic referral.

As a result, HSG directed Ms. Smith to Dr. Thomas Whitman without providing a panel. Dr. Whitman recommended physical therapy that she attended. He then recommended an MRI, but HSG filed a Notice of Controversy and denied her claim on June 21 on the basis that she did not provide timely notice and gave different accounts about how the injury occurred.[2]

Following the denial, Ms. Smith sought medical treatment on her own with Dr. James Shipley and underwent an MRI.[3]

Ms. Smith argued she is entitled to medical and temporary benefits. She contended HSG was wrong to stop her treatment with Dr. Whitman. If it had continued treatment, she would have undergone the MRI sooner and obtained a better outcome with her injury.

HSG argued Ms. Smith did not provide timely notice and prejudiced the employer's ability to investigate the March 30 incident. Further, she provided no excuse for failing to provide notice because it was obvious she injured herself, as she self-treated and self-limited her work activities. Even if she had provided timely notice, she failed to provide medical evidence that her condition was primarily caused by her work.

### Findings of Fact and Conclusions of Law

Ms. Smith need not prove every element of her claim by a preponderance of the evidence to obtain relief at an expedited hearing. Instead, she must present sufficient evidence that she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

An employee has an obligation to provide written notice to her employer within fifteen days of the injury, unless the employee has a reasonable excuse. Tenn. Code Ann. § 50-6-201(a)(1). No defect or inaccuracy in providing notice shall bar a claim, unless an employer can prove the failure to provide proper notice prejudiced it, and then only to the extent of the prejudice. Tenn. Code Ann. § 50-6-201(a)(2).

Here, Ms. Smith knew she injured her knee on March 30, but she did not provide notice until May 22. She knew she injured her knee because she felt worsening pain and swelling, self-treated with a brace, and self-limited her work activities. She argued that she tried to work through the pain. This is commendable, but it does not absolve her

---

[2] HSG provided no proof for its reasoning.

[3] Other than a notation that Dr. Shipley was treating Ms. Smith, the parties did not introduce his records.

obligation to provide timely notice. Also, HSG has shown that it was prejudiced by her actions as Ms. Smith chose to self-treat instead of obtaining medical treatment, and during this time, her condition worsened. The Court holds that Ms. Smith is unlikely to succeed at trial in proving she gave timely notice of her injury.

Even if Ms. Smith could prove she gave timely notice, she has not presented an opinion in where a physician primarily related her knee condition and her need for treatment to her work injury. *See* Tenn. Code Ann. § 50-6-102(14). Thus, she is unlikely to succeed at trial in proving she suffered a compensable injury.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Smith's claim against HSG and its workers' compensation carrier for medical and temporary benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on June 18, 2019, at 10:00 a.m. Eastern Time. The parties must call 855-543-5044 toll-free to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without the party's participation.

**ENTERED this the 26ᵗʰ day of April, 2019.**

/S/ Brian K. Addington
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**Appendix**

**Exhibits**
1. Affidavit of Patricia Smith
2. First Report of Injury
3. Notice of Controversy
4. Off work note-Dr. James Shipley
5. Medical records
   a. Pro Compounding Pharmacy
   b. Mountain States Medical Group
   c. Appalachian Orthopedics
   d. Lab test chain of custody form
   e. Med Works Occupational Medicine
   f. Cora Physical Therapy
6. Witness statements (Identification purposes only)

3

**Technical Record**
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Notice of Appearance
5. Joint Motion for Continuance
6. Order Granting Continuance
7. Employer's Pre-Hearing Brief
8. Employer's Witness and Exhibit List
9. Employee's Witness and Exhibit List

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on April 26, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Patricia Smith, Employee | X | | | 204 Cash Hollow Rd. Elizabethton, TN 37643 |
| Sarah Best, Garrett Franklyn, Employer's Attorney | | | X | shbest@mijs.com gpfranklyn@mijs.com |

PENNY SHRUM, COURT CLERK
wc.courtclerk@tn.gov

4



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals
Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

### List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____    SF#: _____    DOI: _____

## Appellee(s)
**Appellee (Opposing Party):** _____ At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant] _____

LB-1099    rev. 10/18                         Page 2 of 2                              RDA 11082



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____

2. Address: _____

3. Telephone Number: _____

4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month    Telephone       $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water            $ _____ per month    Clothing        $ _____ per month

Gas              $ _____ per month    Child Care      $ _____ per month

Transportation   $ _____ per month    Child Support   $ _____ per month

Car              $_____ per month

Other            $ _____ per month (describe: _____)

10. Assets:

Automobile              $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____    (FMV) _____

Other                   $ _____    Describe:_____

11. My debts are:

Amount Owed                    To Whom

_____           _____

_____           _____

_____           _____

_____           _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                    RDA 11082